IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LADANA LUELLEN,

        Plaintiff,                      No. CIV S-12-1121 KJM CKD

    v.

WELLS FARGO BANK,                  ORDER

        Defendants.

_____/

        Plaintiff filed her complaint in Sacramento County Superior Court on April 2, 2012, alleging four causes of action for violation of California state and common law. (Not. of Removal, ECF 1.) Defendant removed the action to this court on April 26, 2012 citing diversity as the court's basis for jurisdiction. (*Id.*) Defendant contends it is a citizen of only South Dakota, the state where its main office is located. (*Id.* at 3.)

        Lack of subject matter jurisdiction may be challenged by either party or raised sua sponte by the court. FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1983). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The federal removal statute, 28 U.S.C. § 1441(a), provides: "[A]ny civil action brought in a State court of which the district courts of the United States have original

1

1  jurisdiction, may be removed by the defendant or the defendants, to the district court of the
2  United States for the district and division embracing the place where such action is pending."
3  This court has original jurisdiction over cases in which the amount in controversy exceeds
4  $75,000 and the parties are completely diverse. The Ninth Circuit "strictly construe[s] the
5  removal statute against removal jurisdiction." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir.
6  1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l
7  Life Ins. Co*., 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there
8  is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica
9  Dairy Co*., 592 F.2d 1062, 1064 (9th Cir. 1979)). There is a "strong presumption" against
10 removal jurisdiction, which "means that the defendant always has the burden of establishing that
11 removal is proper." *Id*.

12         Plaintiff is a citizen of California. Plaintiff names fifty (50) Doe defendants.
13 "The citizenship of fictitious defendants is disregarded for removal purposes . . . ." *Soliman v.
14 Philip Morris, Inc*., 311 F.3d 966, 971 (9th Cir. 2002). Under 28 U.S.C. § 1348, national
15 banking associations shall "be deemed citizens of the States in which they are respectively
16 located." Relying on *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), defendant contends it is
17 only "located" in South Dakota, where its main office is located. Whether a national bank is
18 "located" in the state where it maintains its principal place of business is an issue that has led to
19 splits both within the circuit and between circuits, which the Ninth Circuit has declined to
20 address. *See Peralta v. Countrywide Home Loans, Inc*., 375 Fed. Appx. 784, 785 (9th Cir.
21 2010). This court finds persuasive the reasoning of *Taheny v. Wells Fargo Bank, N.A*., which
22 held that in light of Ninth Circuit case law, Wells Fargo is a citizen of California. *See* No. CIV.
23 S-10-2123 LKK/EFB, 2012 U.S. Dist. LEXIS 47195 (E.D. Cal. Apr. 3, 2012) (confirming prior
24 decision in *Guinto v. Wells Fargo Bank*, No. CIV S-11-372 LKK/GGH, 2011 U.S. Dist. LEXIS
25 114986 (E.D. Cal. Oct. 5, 2011), and finding that in the Ninth Circuit a national bank is a citizen
26 of the state where it maintains its principal place of business); *see also Humburg v. Wells Fargo*

*Bank, N.A.*, CIV No. S-12- 0999 KJM-CKD, 2012 U.S. Dist. LEXIS 123842, at *4 nn. 2 and 3 (E.D. Cal. Aug. 30, 2012).  As a result, complete diversity is absent and this court lacks jurisdiction.

        Accordingly, this action is hereby REMANDED to the Sacramento County Superior Court.  Defendant's motion to dismiss (ECF 11) and motion to strike (ECF 12) are denied as moot.  This case is CLOSED.

        IT IS SO ORDERED.

DATED:  November 24, 2012.

_____
UNITED STATES DISTRICT JUDGE